IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 23-00181-KD-N |
| | ) |
| BENJAMIN NATHANAEL | ) |
| FAVELA-NOGALES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The competency hearing pursuant to 18 U.S.C. § 4247(d) for Defendant Benjamin Nathanael Favela-Nogales was held on March 8, 2024.  Defendant Favela-Nogales, his defense counsel Patrick Conor Finnegan, and Assistant United States Attorney Justin D. Kopf were present.  Prior to the hearing, the Court and the parties received a copy of the Independent Psychological Evaluation from Benjamin D. Hill, Ph.D. Clinical Neuropsychologist (doc. 35) (under seal).  Dr. Hill found that Favela-Nogales was competent to proceed and that he understood the basic role of his lawyer, the prosecution, the role of the judge, and the concept of a plea and though he may require more explanation during the judicial proceedings, he was generally capable of appreciating legal advice (Id.).  The Evaluation and the opinions contained therein were the only evidence offered with respect to Favela-Nogales' competency to proceed to trial.

"The Due Process Clause of the Fifth Amendment requires that a defendant be mentally competent to be tried or convicted." United States v. Harris, 741 Fed. Appx. 663, 667 (11th Cir. 2018) (citing United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014)).  Favela-Nogales shall be considered mentally competent to stand trial if found to have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United

States, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960); Adams v. Wainwright, 764 F.2d 1356, 1359-60 (11th Cir.1985), *cert. denied*, 474 U.S. 1073, 106 S. Ct. 834 (1986) (same); Harris, 741 Fed. Appx. at 667 (quoting Rodriguez, 751 F.3d at 1252) ("The standard of competence is 'whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and whether the defendant has a rational and factual understanding of the criminal proceedings."); United States v. Evans, 332 Fed. Appx. 561, 562 (11th Cir. 2009) ("For a defendant to be competent ..., he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] ha[ve] a rational as well as factual understanding of the proceedings against him.'") (quoting United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam)). See also Godinez v. Moran, 509 U.S. 389, 401 n.12, 113 S. Ct. 2680, 2687 (U.S. 1993) ("the question is whether [the defendant] has the ability to understand the proceedings.").

Upon consideration of all matters presented, including the opinion of the Clinical Neuro psychologist, and the parties' respective positions as set forth at the hearing, the Court finds by a preponderance of the evidence that Favela-Nogales is not "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" 18 U.S.C. § 4241(d).  Therefore, Favela-Nogales is competent to proceed.

DONE and ORDERED this 8th day of March 2024.

>s / Kristi K. DuBose
>KRISTI K. DuBOSE
>UNITED STATES DISTRICT JUDGE